*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZACHARY RIDENOUR,

UNPUBLISHED
March 2, 2023

Plaintiff-Appellant,

v

No.   356734; 356815
Ingham Circuit Court

PROGRESSIVE MARATHON INSURANCE
COMPANY,

LC No.   19-000405-NF

Defendant-Appellee.

Before:  M. J. KELLY, P.J., and SHAPIRO and PATEL, JJ.

SHAPIRO, J. (*concurring*).

I reluctantly concur in the majority opinion given the language of MCL 500.3114, which on its face supports defendant's position.  However, I urge the Supreme Court to grant leave to appeal and address whether this outcome is consistent with its decision in *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167; 934 NW2d 674 (2019), and the purposes of the no-fault act.

*Dye* held that an effective policy on a vehicle may issue even if the policy is purchased by someone other than the owner or registrant and that this will not result in the owner being ineligible for PIP benefits. *Id*. at 172-173.  The Supreme Court concluded that despite not having purchased insurance on the vehicle himself, the owner is deemed to have complied with MCL 500.3101's requirement that "the owner or registrant of a motor vehicle . . . maintain security for payment of benefits under personal protection insurance," and so is not barred from coverage pursuant to MCL 500.3113(b), which states that "[a] person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . [t]he person was the owner or registrant of a motor vehicle . . . involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect." The Court reasoned that "the statutory language links the requires security or insurance solely to the vehicle" and so made clear that for purposes of MCL 500.3113(b) the question is not whether the owner or registrant was a named

insured but whether there was an insurance policy on the *vehicle*.[1]  *Dye*, 504 Mich at 189. Accordingly, *Dye* expressly rejected the insurer's view that if a policy is purchased by a third party, the *owner* has failed to maintain the required security.  *Dye* ultimately held that

> an owner or registrant of a motor vehicle involved in an accident is not excluded from receiving no-fault benefits when someone other than that owner or registrant purchased no-fault insurance for that vehicle because the owner or registrant of the vehicle may "maintain" the insurance coverage required under the no-fault act even if he or she did not purchase the insurance.  [*Id*. at 173.]

Thus, under *Dye*, the vehicle's owner is entitled to PIP benefits in the event of a motor vehicle accident so long as someone maintains no-fault insurance for the vehicle.  In this case, although MCL 500.3114(4)(a) refers to "the insurer of the owner or registrant of the motor vehicle involved in the accident," a Court following *Dye's* approach would interpret this to mean "the insurer of the motor vehicle involved in the accident."

Our decision leaves the law in the confounding, if not absurd, situation in which a vehicle's owner who has "maintained the security" required by MCL 500.3101, albeit through the purchase of insurance by a third party, is entitled to PIP benefits but may not seek those benefits from the insurer of the vehicle that he owns, was driving and for which he has paid the charged premiums. It is difficult to square that result with the purposes of the no-fault act or with an insured's reasonable expectations, as discussed in *Dye*.  Accordingly, I respectfully suggest that the Supreme Court grant leave to appeal and resolve the seeming conflict between our decision and its ruling in *Dye*, revisit this area of law and provide guidance to the bench, the bar and the public.

/s/ Douglas B. Shapiro

---

[1] Justice CLEMENT's dissent confirmed the nature of the holding, stating, "According to the majority, as long as the vehicle is insured, MCL 500.3113(b)'s disqualification provision has not been triggered, no matter who is named in the policy."  *Dye*, 504 Mich at 196 (CLEMENT, J., dissenting).